UNTIED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| N.G. and S.G. as parents and next friends of S.C. A minor child, and B.W. as parent and next friend of T.W. a minor child, as individuals and on behalf of a class of persons similarly situated.<br><br>           Plaintiffs<br><br>      v.<br><br>STATE OF CONNECTICUT, and WILLIAM CARBONE, individually and in his capacity as Director of the Court Support Services Division, Juvenile Detention Services, LEONARD BARBIERI, individually and in his capacity as Detention Supervisor at the New Haven Juvenile Detention Center, THOMAS F. WHITE, individually and in his capacity as an administrator of the Court Support Services Division, and other individuals responsible for training and administration at the Juvenile Detention Center whose identities will become known in the course of discovery,<br><br>           Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civ No. 3:00cv2036 (PCD)<br>:   Civ No. 3:01cv1172 (PCD)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   November 28, 2004 |

**PLAINTIFFS' MOTION TO REARGUE CLASS CERTIFICATION**

     The Plaintiffs filed a complaint in the above captioned case seeking injunctive relief, monetary damages and class certification. In a memorandum of decision dated September 26, 2002, this Court entered a decree denying that class certification. After trial on the liability issue, this Court entered a judgment for the Defendants. The Plaintiffs appealed and the Appellate Court ruled that certain searches were found to be unlawful.

In its decision this Court pointed out that the Plaintiffs had not established a sufficient basis for class certification under Rule 23(a) (2) and (3). In light of the decision by the Appellate Court, the Plaintiffs respectfully requests that the Court review its earlier decision.

**DISCUSSION**

Federal Rule of Civil Procedure 23(a) requires for class certification: 1) The numerosity of the class, 2) facts and law common to the class, 3) claims of the named Plaintiffs being representative of those of the class, 4) fair and adequate representation of the class' claims by the named Plaintiffs.

It is clear that the set of facts will and does pertain to an untold numerous number of detainees in the State of Connecticut Juvenile Detention system. The searches that were found to unlawful by the Appellate Court were those searches that were conducted by staff after the transportation from facility to facility, or from the facility to Court and back again. Since the Juvenile Detention facility does not house female detainees, they all have to be transported to other facilities under the exact same facts as enumerated by the Plaintiffs in the present case. It is supposed that this practice of strip searching each and every like person in like circumstances has continued up until the decision of the Appellate Court. Further more than likely, there have been other numerous instances of strip searches not unlike the sixth and seventh searches of S.C., which are still in question.

The facts and law as evidenced by testimony at trial and by the ruling of the Appellate Court mirror each other in the instance mentioned above. Intertwined with that notion are the claims being representative of those of the class.

The Plaintiffs have fairly and adequately represented the claims of the proposed class and will continue to do so.

WHEREFORE, the Plaintiffs and the proposed class that they represent request that (a) this action further proceed as a class action under Fed. R. Civ. P. 23, (b) that they and all the members of the class be awarded the actual and punitive damages to which they are entitled, and all costs, attorney's fees and other relief to which they are entitled to under law or in equity.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS BY,

Anthony A. Wallace Esquire
500 Central Avenue
New Haven, Ct 06515
(203)389-9998
(203)389-0643fax
Federal bar 08881

## CERTIFICATION

I hereby certify that on November 28, 2004, a copy of the foregoing was sent to:

Terrence O'Neill Esquire
Steve Strom Esquire
Assistant Attorney General
State of Connecticut
110 Sherman Street
Hartford, Ct 06105-2294

_____
Anthony A. Wallace
Commissioner of Superior Court

Case 3:00-cv-02036-PCD   Document 102   Filed 11/30/2004   Page 4 of 4