UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| N.G. and S.G., as parents and next friends of S.C., et al.,<br>    *Plaintiffs* | : CIVIL ACTION NO. 3:00CV2036 (PCD)<br>:<br>:<br>: |
| v. | :<br>: |
| STATE OF CONNECTICUT, ET AL.,<br>    *Defendants* | :<br>:December 2, 2004 |

## DEFENDANTS' COMPLIANCE WITH THE COURT'S ORDER OF OCTOBER 27, 2004

The defendants submit their response to the court's order of October 27, 2004, which required the parties to submit briefs "(1) addressing what relief, if any, is warranted as a result of the Court of Appeals' ruling that the second, third and fifth searches of S.C. and the second search of T.W. were unlawful; (2) supplementing the record so that this court may make findings as to the existence of reasonable suspicion with regard to the sixth and seventh searches of S.C., concerning a missing pencil; and (3) addressing what relief, if any, would be warranted if this Court finds that there was no reasonable suspicion with regard to the sixth and seventh searches of S.C."

The defendants address each of the three issues identified by the court, and in doing so, brings other matters of significance to the court's attention, particularly: (1) the court has yet to rule on the defendants' qualified immunity defense, which should be the subject of additional briefing in light of the Court of Appeals' decision in this matter; (2) there are remaining factual disputes regarding the sixth and seventh searches of S.C. which will require witness testimony; and (3) the court has referred this matter to Magistrate Judge Margolis for a settlement

conference, which has been scheduled for January 14, 2005 and which may result in a resolution of the pending issues.

### I. Factual and Procedural Background

Briefly, this matter returns to this Court from the Court of Appeals. In this case, the plaintiffs have challenged the propriety of several "strip" searches of then-minor plaintiffs, S.C. and T.W., during the course of their admissions into, and transfers among, secure detention facilities operated for juveniles here in Connecticut. The Court of Appeals affirmed this Court's findings that strip searches of juvenile offenders upon admission to the secure facilities were reasonable under the Fourth Amendment, but the Court of Appeals held that subsequent searches after transfer of juveniles from one secure facility to another were not reasonable. The Court of Appeals further noted that the reasonableness of two searches involving plaintiff S.C., performed at a facility operated by defendant Juvenile Forensic Services, could not be assessed on the record before it, and therefore remanded the case to the district court. See N.G. v. Connecticut, 382 F.3d 225 (2d Cir. 2004).

The district court's decision, entered after a bench trial limited to liability issues, did not reach the defendants' qualified immunity defense. Obviously, the court did not need to reach the question of qualified immunity since it did not find a constitutional violation in the first instance. See, e.g., Saucier v. Katz, 522 U.S. 194 (2001); Rodriguez v. Phillips, 66 F.3d 470 (2d Cir. 1995)(threshold question in qualified immunity analysis is to determine whether plaintiff has shown a violation of a right secured by either the Constitution or a federal statute). In fact, the plaintiffs objected to the consideration of qualified immunity at trial for the reason that the issue was premature. See August 12, 2002 Reply Memorandum (docket no. 88). Thus, the issue of qualified immunity is now ripe for adjudication.

## II. Responses To Issues Identified By The Court

### A. Relief Available To S.C. and T.W.

As noted above, the defendants qualified immunity defense has not been addressed by the court. The standards by which the searches of juveniles in secure detention facilities was addressed, for the first time in this circuit, in this case. It is respectfully submitted that the court should issue a briefing schedule, if necessary after the January 14, 2005, settlement conference, to address the issue of qualified immunity in light of the Court of Appeals ruling in this case. Should the defendants be unsuccessful in their assertion of the qualified immunity defense, then a jury trial will be necessary as to damages.

### B. Supplementation Of Record Regarding Sixth and Seventh Searches of S.C.

It is respectfully submitted that these searches also are subject to the defendants' qualified immunity defense. Alternatively, they will need to be presented to a jury for trial.

### C. Appropriate Relief Available For The Sixth and Seventh Searches of S.C.

Again, it is respectfully submitted that the defendants are entitled to qualified immunity, and that this issue should be presented to the court in accordance with a briefing schedule to be set after the parties attend the January 14, 2005 settlement conference. If the qualified immunity defense is unsuccessful, then a jury trial will be necessary on this issue.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:   /s/
Terrence M. O'Neill
Steven R. Strom
Assistant Attorneys General
Federal Bar No. 10835
110 Sherman Street
Hartford, CT  06105
Tel: (860) 808-5450
Email: terrence.oneill@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 2nd day of December, 2004, first class postage prepaid to:

**Anthony Wallace, Esq.**

**Wallace & O'Neill**

**500 Central Avenue**

**New Haven, CT 06515**

_____/s/_____
Terrence M. O'Neill
Assistant Attorney General