**UNTIED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| N.G. and S.G. as parents and next friends of S.C. : | | |
| A minor child, and B.W. as parent and next friend : | | |
| of T.W. a minor child, as individuals and on behalf : | | |
| of a class of persons similarly situated. : | | |
| : | | |
| Plaintiffs-Appellants : | | |
| | | |
| v. : | Civ No. 3:00cv2036 (PCD) | |
| | Civ No. 3:01cv1172 (PCD) | |
| STATE OF CONNECTICUT, and : | | |
| WILLIAM CARBONE, individually and : | | |
| in his capacity as Director of the Court Support : | | |
| Services Division, Juvenile Detention Services, : | | |
| LEONARD BARBIERI, individually and in his : | | |
| capacityas Detention Supervisor at the New Haven : | | |
| Juvenile Detention Center, THOMAS F. WHITE, : | | |
| individually and in his capacity as an administrator : | | |
| of the Court Support Services Division, and other : | | |
| individuals responsible for training and administration : | | |
| at the Juvenile Detention Center whose identities : | | |
| will become known in the course of discovery, : | | |
| : | | |
| Defendants-Appellees : | August 27, 2004 | |

## PLAINTIFFS= COMPLIANCE WITH THE COURT=S ORDER OF
## OCTOBER 27, 2004

The Plaintiffs file herewith their compliance with the Court=s October 27, 2004 order,

which requires the parties to 1) Address what relief if any , is warranted as a result of the Court of

Appeals= ruling that the second, third and fifth searches of S.C. and the second search of T.W. were

unlawful: 2) Supplementing the record so that this Court may make findings as to the existence of

reasonable suspicion with regard to the sixth and seventh searches of S.C., concerning a missing pencil:

and 3) addressing what relief if any, would be warranted if this Court finds that there was no reasonable suspicion with regard to the sixth and seventh searches of S.C.

## THE SECOND, THIRD AND FIFTH SEARCHES OF S.C. AND THE SECOND SEARCH OF T.W.

The Appellate Court found that the second, third and fifth searches of S.C. were unlawful. They also

found that the second search of T.W. was unlawful. These searches were conducted after

transportation of the girls from one facility to another or from a facility to Court and back to that

facility, while supervised by an officer of each facility. The Court found that there was no justification

for these searches and that they were intrusive. There is no way to quantify the embarrassment or

humiliation that these children suffered, or what long term effects these intrusions will have on them. We

therefore request that this Honorable Court grant monetary relief for these children in the amount of

fifty-thousand dollars per search. See, Essex V Prince George=s City No. 00-2165 (Unpublished

United States Court of Appeals for the Fourth Circuit) also See, Mary Beth G. v City of Chicago, 723

F.2nd 1263, 176 n. 11, Joan W. v City of Chicago, 771 F.2d 1020, 1025. The Plaintiffs further

request that the Court order costs and attorney=s fees.

### REASONABLE SUSPICION FOR THE SIXTH AND SEVENTH SEARCHES OF S.C.

The Appellate Court stated in its decision Aa repeated search to see if S.C had taken the pencil on

either occasion required at least some suspicion pointing to her as the culprit@ There was no testimony

from any party at the trial or in any admitted documents that claimed S.C. may have had the pencil. It

was a blanket strip search of all the girls, and these searches were conducted two girls at a time, with

no privacy. In addition, the pencils were numbered and the Court further points out that Ait would not

have been difficult to keep track of which girls had which pencils, thereby pinpointing the girl who had

not turned in the missing pencil@ (n 13). In fact the testimony of S.C. did not include an explanation of a

pat down search prior to the strip search this notion was again pointed out by the Court in its decision.

Therefore, there was no reasonable suspicion that S.C. had taken the pencil and therefore this search

resulted in the violation S.C.=s right against unlawful searches. The Plaintiff, S.C. requests that this

Honorable Court award an additional fifty thousand dollars for each of these searches.

### INJUNCTIVE RELIEF

The Plaintiffs request that this Honorable Court enjoin the State of Connecticut and all the Defendants

from conducting any further strip searches that do not derive from entrance into a Juvenile Detention

Facility, or in the absence of reasonable suspicion that the detainee has possession of contraband.

                                                                           RESPECTFULLY SUBMITTED,
                                                                           THE PLAINTIFFS BY,

                                                                    _____
                                                                    Anthony A. Wallace Esquire
                                                                    500 Central Avenue
                                                                    New Haven, Ct 06515
                                                                    (203)389-9998
                                                                    (203)389-0643fax
                                                                    Federal bar 08881

## **CERTIFICATION**

I hereby certify that on November 28, 2004, a copy of the foregoing was sent to:

Terrence O=Neill Esquire
Steve Strom Esquire
Assistant Attorney General
State of Connecticut
110 Sherman Street
Hartford, Ct 06105-2294

                                                                  _____
                                                                  Anthony A. Wallace
                                                                 Commissioner of Superior Court